(61 Misc. Rep. 193.)

## ALEXANDER et al. v. TRENT TILE CO.

(Supreme Court, Special Term, New York County. November 28, 1908.)

PATENTS (§ 211*)—LICENSE—CONSTRUCTION.

    A contract, granting to a licensee the right to manufacture and sell a
patented article, but reserving to the patentee the right to license at his
option any other manufacturer to make and sell the article, does not pre-
vent the patentee from subsequently granting to another licensee, for a
smaller royalty, the right to manufacture and sell the article.

    [Ed. Note.—For other cases, see Patents, Dec. Dig. § 211.*]

Action by Elmer E. Alexander and others, under the firm name and
style of Davis, Reid & Alexander, against the Trent Tile Company.
Demurrers to defenses and counterclaims sustained, with leave to an-
swer over.

Esselstyn & Ketchem, for plaintiffs.
Flammer & Flammer, for defendant.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

DAYTON, J.   The issues raised by the demurrer to the first, second, and third defenses are in substance the same as those passed upon in Alexander v. Encaustic Tiling Company, 113 N. Y. Supp. 261.

For a fourth defense it is alleged that the plaintiffs, subsequent to the date of the agreement set forth in the complaint, therein made an agreement with at least one large manufacturer for a lower payment of royalties than that provided in the contract set out in the complaint, and that this was in violation of an understanding between the parties that no future arrangement should be made with any licensees at a lower rate than that agreed upon between the parties. The contract is in writing and under seal.  It contains no such prohibition as is claimed by the defendant.  On the contrary, the plaintiff specifically reserves the right "to license at its option any other manufacturer to make and sell circular tile under said patents, or either of them," and nothing whatever is said about the royalties to be charged such prospective licensees.  I think, therefore, the demurrer to this defense should also be sustained.

The first counterclaim is in substance the same as that set up in the Encaustic Tiling Company Case.  The second counterclaim is not demurred to.  The third counterclaim is in substance the same as the second counterclaim in the Encaustic Tiling Company Case.

For the reasons set forth in my memorandum in that action, the demurrers must be sustained in all respects, with leave to defendant to answer over upon the usual terms.